
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| 5 ALIVE TRUST, BY ITS DESIGNATED POWER OF AGENCY, RAYMOND EHRMAN, TRUSTEE, <br><br> Plaintiffs, <br><br> - vs - <br><br> JEAN MCGEE, FIRST NATIONAL BANK, and JOE BOYER, Revenue Officer, <br><br> Defendants. | CIV 08-4171 <br><br><br> MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, 5 Alive Trust and Jerome Adrian, have sued Defendants, Jean McGee, First National Bank, Joe Boyer, Revenue Officer, for various claims arising from the levy of funds in an account held by 5 Alive Trust with First National Bank for the delinquent tax payments of Jerome Adrian. Defendants have moved to dismiss all claims stated by Plaintiffs in their complaints.

## BACKGROUND

The facts will be stated in the light most favorable to Plaintiffs, the non-moving party in this motion to dismiss. On September 10, 2008, the Internal Revenue Service ("IRS") served a notice of levy on First National Bank in Sioux Falls, South Dakota, to recover from Jerome Adrian unpaid taxes owed to the Government. (Compl. One ¶ 10, 11) (stating that the Notice was not directed to 5 Alive Trust, but to Jerome Adrian.) The Notice of Levy provided identifying information for Plaintiff Jerome L. Adrian including his address and social security number. (Mem. in Support of Mot. to Dismiss by First National Bank and Jean McGee at 2.) On the same day that First National Bank received the Notice of Levy, Jean McGee, a bank employee, placed a hold on funds totaling

$29,769.30 in an account held by 5 Alive Trust, account number 2223363. (Answer by First Nat'l Bank and Jean McGee ¶ 7.) According to the Complaint filed by 5 Alive Trust, Jerome Adrian was the Trustee and had "sole signatory power over the account." (Compl. One ¶ 1.)

On September 13, 2008, Jerome Adrian and Sonja Reta Adrian sent a letter to First National Bank asking that the bank not execute the levy. In a letter dated September 18, 2008, Philip F. Johnson, Senior Vice President & Head of Operations at First National Bank replied to the Adrian's letter stating that "the Bank does not intend to comply with the cease and desist request set forth in your letter," and "[i]f you have an issue in connection with the Notice of Levy, we would suggest that you resolve the same with the Internal Revenue Service . . . ." Mr. Johnson further informed the Adrians that the "IRS has determined that account no. 2223363 is subject to the Notice of Levy" and that the Adrians "have 21 calendar days in which to secure resolution of the Notice of Levy prior to the Bank surrendering the funds to the Internal Revenue Service."

On September 26, 2008, Plaintiffs, 5 Alive Trust and Jerome Adrian filed a "Notice of No Claim" in the Circuit Court of Minnehaha County, South Dakota, alleging that the IRS and First National Bank wrongfully levied the trust's bank account. Plaintiff, 5 Alive Trust, seeks the return of monies levied by First National Bank from its account as well as "some compensation for costs for having to initiate this action, plus some penalty for breach of agreement, conversion, and unlawful extension of the Notice of Levy." (Compl. One ¶ 5.) Plaintiff, Jerome Adrian, seeks the following remedies: (1) "a court order to issue to Joe Boyer to show cause why his Notice of Levy dated September 10, 2008, should not be ordered returned as invalid, void, and without any force or effect"; (2) "a court order to issue to Joe Boyer to show cause why a warrant should not issue under 26 U.S.C. § 7214"; and (3) "some compensation for costs for having to initiate this action, plus some penalty for breach of duty and agreement, false inducements, unlawful disclosures, and unlawful and abusive extensions and use of the Notice of Levy document, as authorized by both State and Federal law."

On or about October 30, 2008, the United States of America removed this case to the United

States District Court for the District of South Dakota Southern Division.

## DISCUSSION

Pending before the Court is a motion to dismiss filed by Defendant First National Bank and its employee, Jean McGee, and another motion to dismiss filed by Defendant, United States of America, on behalf of named Defendant Joe Boyer. Defendants Jean McGee and First National Bank argue that pursuant to 26 U.S.C. § 6332(e), they are both immune from suit arising from honoring the IRS Notice of Levy. (Mem. in Supp. of First National Bank and Jean McGee's Mot. To Dismiss at 3.) The United States of America asserts in support of its motion to dismiss that: (1) Plaintiffs' claims are barred under the Anti-Injunction Act, 26 U.S.C. § 7426; (2) the Court lacks personal jurisdiction over Defendant Joe Boyer; and (3) Plaintiff, Raymond Ehrman, Trustee, with Power of Agency, is engaged in the unauthorized practice of law on behalf of 5 Alive Trust.

### I.     Motion to Dismiss Complaint One Filed by 5 Alive Trust

Plaintiff Raymond Ehrman seeks on behalf of the Trust, the return of monies levied by First National Bank from its account as well as "some compensation for costs for having to initiate this action, plus some penalty for breach of agreement, conversion, and unlawful extension of the Notice of Levy."

It appears from the Complaint that Mr. Ehrman is attempting to represent *pro se* the interests of 5 Alive Trust in his capacity as Trustee of 5 Alive Trust. Mr. Ehrman signed Complaint One and the briefs filed in this matter as "Raymond Ehrman, Trustee, with Power of Agency," and nowhere in the pleadings does it appear that Mr. Ehrman is an attorney. A nonlawyer "has no right to represent another entity, i.e., a trust, in a court of the United States." *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697-98 (9th Cir. 1987)). For this reason, Complaint One filed by 5 Alive Trust is dismissed.

3

## II. Motion to Dismiss Complaint Two Filed by Jerome Adrian

In Complaint Two, Plaintiff Jerome Adrian seeks from Defendants the following relief: (1) "a court order to issue to Joe Boyer to show cause why his Notice of Levy dated September 10, 2008, should not be ordered returned as invalid, void, and without any force or effect"; (2) "a court order to issue to Joe Boyer to show cause why a warrant should not issue under 26 U.S.C. § 7214"; and (3) "some compensation for costs for having to initiate this action, plus some penalty for breach of duty and agreement, false inducements, unlawful disclosures, and unlawful and abusive extensions and use of the Notice of Levy document, as authorized by both State and Federal law."

### A. Claims for Injunctive Relief

The United States has moved to dismiss Mr. Adrian's complaint, arguing in part, that Mr. Adrian's claims for relief are barred under the Anti-Injunction Act, 26 U.S.C. § 7421(a). The Anti-Injunction Act provides that "no suit for the purposes of restraining the collection or assessment of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner, the United States is assured of prompt collection of its lawful revenue." *J.L. Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). The United States Supreme Court has recognized an exception to the Anti-Injunction Act, stating that "if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and ... the attempted collection may be enjoined if equity jurisdiction otherwise exists." *Williams Packing*, 370 U.S. at 7, 82 S.Ct. at 1129.

The Court finds that it may not entertain Mr. Adrian's first and second claims for relief[1]

---

[1] In Complaint 2, Mr. Adrian's requests, in part, following claims for relief: (1) "a court order to issue to Joe Boyer to show cause why his Notice of Levy dated September 10, 2008,

4

because such relief would result in restraining the Government's collection of taxes as prohibited by the Anti-Injunction Act. While the United States Supreme Court has recognized that the attempted collection may be enjoined if it is clear that under no circumstances the Government could prevail in levying the funds in question, Mr. Adrian has failed to establish that such an exception applies in the present case. As a result, Mr. Adrian's first and second claims are dismissed pursuant to the Anti-Injunction Act.

### B. Claims for Damages

In addition to the injunctive relief that Mr. Adrian seeks in his first and second claims for relief, Mr. Adrian seeks "some compensation for costs for having to initiate this action, plus some penalty for breach of duty and agreement, false inducements, unlawful disclosures, and unlawful and abusive extensions and use of the Notice of Levy document."

i. Damages Claims Against First National Bank

It does not appear that Mr. Adrian asserts any claims for damages or penalties against First National Bank. Any duties and obligations that First National Bank has pursuant to the Account Agreement are to account holder, 5 Alive Trust, rather than to Mr. Adrian. If the funds in the account are in fact the personal property of Mr. Adrian, there is no question that such funds are subject to levy, 26 U.S.C. § 6321, and pursuant to 26 U.S.C. § 6332(e), (f), First National Bank and its employee, Jean McGee, would have immunity from any claims brought by Mr. Adrian regarding the validity of the levy.

ii. Damages Claims Against Joe Boyer

---

should not be ordered returned as invalid, void, and without any force or effect"; and (2) "a court order to issue to Joe Boyer to show cause why a warrant should not issue under 26 U.S.C. § 7214".

In his Complaint, Mr. Adrian alleges that he is owed damages because Mr. Boyer "knowingly" violated certain provisions of Title 26 while attempting to collect unpaid taxes allegedly owed by him. (Compl. Two ¶¶ 12, 13, 14, 15, 16.)[2] The exclusive remedy for recovering damages resulting from the collection of Federal tax,[3] wherein it is alleged that the IRS officer or employee "recklessly or intentionally, or by reason of negligence disregards any provision of [Title 26], or any regulation promulgated under [Title 26]" is 26 U.S.C. § 7433. 26 U.S.C. § 7433(a).

If Mr. Adrian believes that Mr. Boyer violated 26 U.S.C. § 7433, he may file such an action in court only after he has filed an administrative claim in accordance with the procedures set forth in 26 C.F.R. § 301.7433-1(e). 26 U.S.C. § 7433(d)(1); 26 C.F.R. §301.7433-1(d), (d). There is no evidence that Mr. Adrian filed an administrative claim for damages before filing his Complaint in court. As a result, Mr. Adrian's claims for damages for Mr. Boyer's alleged violations of 26 U.S.C. § 7433 are dismissed for failure to exhaust administrative remedies.

For the foregoing reasons, it is hereby ORDERED that Defendants' Motions to Dismiss, Docs. 6 & 11, are GRANTED. The claims of Plaintiff, 5 Alive Trust, are dismissed without prejudice. Plaintiff, Jerome Adrian's, claims for injunctive relief as alleged against Joe Boyer are dismissed with prejudice pursuant to the Anti-Injunction Act. Plaintiff, Jerome Adrian's, claims for damages against First National Bank and its employee, Jean McGee, are dismissed with prejudice pursuant to 26 U.S.C. § 6332(e), (f). Plaintiff, Jerome Adrian's, damages claim for the alleged violation of 26 U.S.C. § 7433 is dismissed without prejudice for failure to exhaust administrative

---

[2] Paragraph 12 of Compl. Two states: "The act of sending Notice of Levy to First National Bank by JOE BOYER, as a REVENUE OFFICER, who only has certain limited enforcement powers to assist the Secretary under section s7608, 7301, 7302, 7303, and 6201(a)(1)(A), is acting without lawful authority and is in violation of authorized procedure and applicable South Dakota law relating to debt claims.

[3] The Court notes that an action under 26 U.S.C. § 7432 dealing with damages for failure to release a lien, which is not at issue in this case, is not governed by 26 U.S.C. § 7433. 26 U.S.C. § 7433 ("Except at provided in section 7432, such civil actions shall be the exclusive remedy for recovering damages resulting from such actions.").

remedies.

Dated this 3rd day of July, 2009.

BY THE COURT:

/s/ Lawrence Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Summa Wahpo
(SEAL)    DEPUTY